No. 5775.

## L. H. GARDNER & Co. vs. LEVASSEUR & Co.

This case turns on a question of novation. The original notes of Levasseur & Co. to plaintiffs were given up to the former with the exception, perhaps, of one of them not in the possession of the plaintiffs at the time. An exchange of notes took place. Plaintiffs received the new notes executed in their favor by defendants in pursuance of an agreement entered into between the parties. The intention to extinguish the old notes and substitute the new ones to represent the reduced amount of the indebtedness as fixed by the compromise and adjustment of their affairs by the parties, is sufficiently apparent. The plaintiffs therefore had no right to enforce payment of the original notes, which were no longer obligations against the defendants.

APPEAL from the Fifth District Court, parish of Orleans. *Cullom, J. T. M. Gill* and *Kennard, Howe & Prentiss,* for plaintiffs and appellees. *A. & W. Voorhies,* for defendants and appellants. *G. Schmidt,* for Charlotte Anderson.

TALIAFERRO, J. In the month of June, 1873, Levasseur & Co., finding themselves failing in their business, effected a settlement with their creditors by obligating themselves to pay them thirty-three cents on the dollar, one half in twelve months, the other half in eighteen months. A written agreement to that effect appears to have been signed by all their creditors, the plaintiffs among the rest. But it seems that between L. H. Gardner & Co. and Levasseur & Co. the arrangement was that the latter should give to the former seven promissory notes each for the sum of $261 05, payable respectively on the fifteenth of November, 1873, fifteenth of January, 1874, fifteenth of March, 1874, fifteenth of May, 1874, fifteenth of November, 1874, fifteenth of December, 1874, and fifteenth of January, 1875 ; and that Gardner & Co. were to surrender to Levasseur & Co. their four notes, aggregating in amount $4568 51, held by Gardner & Co.

It appears that the first note of the series of four held by Gardner & Co. was not in their possession at the time this arrangement was entered into and was not delivered to Levasseur & Co., but the other three notes were delivered. The seven notes of Levasseur & Co. in favor of Gardner & Co. were executed and delivered to them.

On the first day of October, 1873, about three months and a half after entering into the above agreement, Levasseur & Co. sold out their entire stock of merchandise to Edward Leon Levasseur, a youth of about twenty-one or twenty-two years of age, a son of P. W. Levasseur, one of the firm of Levasseur & Co. The consideration for which this sale was made was the sum of $10,104, of which the amount of $168 04 was deducted as being due the purchaser for services as clerk for Levasseur & Co., and for the remainder he gave twenty-seven promissory notes, drawn to his own order and indorsed by him, payable at different periods. The sale and transfer was made by notarial act by which the vendor's lien and privilege upon the property sold was expressly recognized and stipulated in favor of the vendors or any future holders of the said promissory notes. Edward L. Levasseur, the purchaser, went into possession of the store, the stock of goods, and the fixtures. etc., on the first of October, 1873. The notes, or many of them at least, it appears, went soon after the sale into the hands of third holders.

On the twenty-second of November following, L. H. Gardner & Co. brought suit against Levasseur & Co. upon the four original notes of Levasseur & Co. for their indebtedness of $4568 50, ignoring the compromise agreement on the alleged ground that its conditions were violated by Levasseur & Co. by their failure to pay the first of the new series of their notes given in pursuance of the agreement and which fell due on the fifteenth of November, 1873. In a supplemental petition L. H. Gardner & Co. prayed for and obtained a writ of attachment against Levasseur & Co., and caused it to be levied on the eighth of December, 1873, upon the stock of goods and contents of the store in possession of Edward L. Levasseur, treating the same as the property of their debtors, Levasseur & Co.

The answer of Levasseur & Co. contains a general denial. They admitted they signed the notes sued upon, but averred that the notes on which they are sued were settled for by new notes given in full payment for the old ones, which were novated and extinguished, and now constitute no obligation against them. They allege that by the illegal attachment taken against them by the plaintiffs they have suffered damages to the amount of ten thousand dollars. They pray that the plaintiffs' demand be rejected with costs, and they set up a reconventional demand for ten thousand dollars damages, and pray judgment against the plaintiffs accordingly.

Gardner vs. Levasseur & Co.

The case was tried twice in the court below, with the same result in each trial. Judgment was rendered in favor of the plaintiffs for the amount claimed, with privilege as attaching creditors. The defendants' reconventional demand was rejected. The defendants have appealed.

We think there was a novation. The original notes of Levasseur & Co. to L. H. Gardner & Co. were given up to the former, with the exception, perhaps, of one of them, not in the possession of Gardner & Co. at the time the exchange of notes took place. L. H. Gardner & Co. received the new notes executed in their favor by Levasseur & Co. in pursuance of the agreement entered into between the parties. The intention to extinguish the old notes and to substitute the new ones to represent the reduced amount of the indebtedness as fixed by the compromise and adjustment of their affairs by the parties, we think sufficiently apparent. The plaintiffs, therefore, had no legal right to enforce payment of the original notes, which were no longer obligations against Levasseur & Co.

It is therefore ordered that the judgment appealed from be annulled, avoided, and reversed. It is further ordered that there be judgment in favor of the defendants with costs in both courts.

Rehearing refused.